NO. 07-07-0344-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 26, 2007
_____

JAY GLEN COMEGYS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17121-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Jay Glen Comegys, appeals from his conviction for Aggravated Sexual Assault of a Child and sentence of seventy five years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $10,000 fine. The appellate record was due in this case by October 10, 2007. The clerk's record was filed on October 10, 2007. The court reporter requested an extension to file the reporter's record on October 15, 2007 and was granted an extension until November 9, 2007. On November 8, 2007, the reporter requested another extension. However, the court reporter's monthly report

and an accompanying letter demonstrate a heavy work load plus several medical emergencies that could potentially affect the timeliness of the reporter's records in several cases on appeal.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellant of his right to appeal, and

2.      whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before December 17, 2007. Should further time be needed by the trial court to perform these tasks, then same must be requested before December 17, 2007.

It is so ordered.

Per Curiam